# Wytheville.

## SOUTHERN RAILWAY COMPANY V. MASON.

### June 8, 1916.

#### Absent, Cardwell, J.

1. PLEADING—*Declaration—Well and Ill Assigned Breaches—Description of the Locus in Quo.*—In an action for a personal injury inflicted at a grade crossing of a railroad, statements which are descriptive of conditions at the place of the accident may be embodied in the declaration to show the degree of care which it was the duty of the defendant to exercise in operating its trains over that particular crossing. This is not a blending of well assigned and ill assigned breaches of duty.

2. RAILROADS—*Personal Injury—Grade Crossing—Obstructed View.*—In an action for a personal injury inflicted at a grade crossing of a railroad, it is error to give an instruction, which instead of making it plain to the jury that obstructions near the track would not excuse the plaintiff's negligence in not looking before he reached them, leaves the jury free to assume that unless he had a *totally unobstructed* view he could recover.

3. NEGLIGENCE—*Contributory Negligence—How Shown—Effect of Other Instructions.*—Although, sa a general rule, the burden of proof is on the defendant to show the contributory negligence of the plaintiff, if it be relied on as a ground of defense, yet if the contributory negligence of the plaintiff is disclosed by his own evidence, or may be fairly inferred from all the facts and circumstances of the case, the burden still rests on him to relieve himself of the suspicion of his own negligence, and it is error to instruct the jury, without qualification, that the burden is on the defendant to prove the contributory negligence of the plaintiff. The error is not cured by the fact that other instructions told the jury that contributory negligence would bar a recovery.

4. INSTRUCTIONS—*Evidence to Support.*—It is error to give an instruction embodying the doctrine of the "last clear chance" when there is no evidence on which to base it.

5. EVIDENCE—*Admissibility—Negligence—Reputation for Care.*—Where the evidence discloses facts and circumstances which would have fully sustained a verdict for the defendant, based upon the plaintiff's contributory negligence, although no witness testified in terms that he

was guilty of carelessness, it is error to admit evidence that he was a careful and cautious person. The error is not rendered harmless by the fact that the plaintiff testified positively to his own care and caution at the time.

6. INSTRUCTIONS—*Abstract Propositions.*—It is error to give an instruction which is a mere abstract proposition of law.

Error to à judgment of the Circuit Court of Fauquier county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Moore, Keith, McCandlish & Hall* and *R. B. Tunstall,* for the plaintiff in error.

*Grimsley & Miller* and *A. D. Kelly,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This action was brought by E. M. Mason against the Southern Railway Company to recover damages for personal injuries received by him when a horse and wagon which he was driving were struck by one of the defendant company's passenger trains on a public crossing at Midland, an unincorporated village in Fauquier county. The jury found for the plaintiff, and the court rendered a judgment in accordance with the verdict.

There was a demurrer to the original declaration, which was in part sustained, with leave to the plaintiff to amend. To the declaration as amended the defendant again demurred, and the action of the court in overruling this second demurrer constitutes the

basis of the first assignment of error. The specific objection urged against the declaration is that two of the counts combine concededly proper allegations of negligence with certain statements concerning obstructions to the view at the crossing, which latter conditions do not import negligence. The argument is that the declaration, in this respect, violates a familiar rule of pleading by blending well assigned with ill assigned breaches of duty. (*N. & W. Ry Co.* v. *Stegall*, 105 Va. 538, 540, 54 S. E. 19.) These statements, however, relative to the obstructions to the view, may, we think, be treated, not as independent charges of negligence, but rather as descriptive of conditions at the place of the accident. Regarded thus, they were properly embodied in the declaration as affecting the degree of care which it was the duty of the defendant to exercise in operating its trains over that particular crossing.

Before taking up the remaining grounds upon which we are asked to reverse the judgment of the circuit court, it is desirable to set out the salient facts and circumstances under which the accident occurred.

The plaintiff, a boy sixteen years old, was employed by a farmer named Lake, whose home was about one-half mile from Midland. Part of his regular work was to haul milk to the railroad station, and he was entirely familiar with the road and with the situation at the place where the accident happened. He had lived in the vicinity all his life, and had driven over the crossing at Midland at least twice a day (going to and from the depot) for about a month before he was injured. His employer, Lake, lived south of the track, and the depot or station was on the opposite or north side. The plaintiff was on his way to the station with a one-horse wagon loaded with milk cans when the collision occurred. The train which struck him was

traveling eastwardly. As he came over the county road from Lake's home there were several points from which the railroad track off to the west could be seen, but the more material and pertinent fact, from the standpoint of both parties, is that, beginning at a point some 200 yards south of the crossing, the view of the track to the west was alternately open and closed, due to successive obstructions caused at short intervals by a grove, a house, two churches, the post-office, a stack of lumber on the right of way close to the track, and some box cars standing on a side track close up to and west of the crossing. The open view of most significance and importance was one which he had of the track to the west after he passed the post-office and before the lumber pile came in the line of his vision in that direction. The post-office is about ninety feet from the center of the main track. Beyond the post-office, in the direction of the crossing and before the lumber pile cut off his view to the west, there was a portion of the county road, variously estimated at from twenty to forty-three feet in length, from which the plaintiff might have seen the track for a long distance. We will not undertake to state this distance in exact figures. For present purposes it is sufficient to say that there was evidence tending to show that if the boy had used ordinary care in looking for a train through this open space he would necessarily have seen the one which, a few seconds later and some fifty feet beyond, collided with his wagon and caused the injury for which this suit was brought. After he passed from this space, the lumber and the box cars on the side track cut off his view of the track to the west and cut off the engineer's view of the county road to the south until they were both practically on the crossing. Persons on both sides of the track, some of them apparently

with no better opportunity than he had, saw or heard the train, and made frantic efforts to stop the plaintiff, and he heard their calls but appears not to have understood them. At any rate, he gave no heed to them and drove on, with the result that the engine and the horse reached the crossing at the same moment.

The chief insistence of the plaintiff, upon the record before us, is that the defendant failed to give the statutory signals for the crossing. The defendant denies this, but relies more particularly upon the alleged contributory negligence of the plaintiff.

We think there was enough in the evidence to take the case to the jury upon the question of the defendant's negligence. As to the contributory negligence of the plaintiff, we are of opinion, as will hereinafter appear, that defendant's theory in this respect was not correctly submitted to the jury, and as the judgment must be reversed upon this account, we will not undertake to say whether the evidence as a whole, and as a matter of law, discloses such a case of contributory negligence as would bar a recovery.

At the conclusion of the evidence, the defendant requested, among others, the following instruction: "And the court further instructs the jury that it was the plaintiff's duty to have approached the crossing at Midland, with the exercise of care commensurate with the known danger and to have listened and to have looked in every direction that the rails run in order to make sure that the crossing was safe; that since a railroad track is a proclamation of danger, it was plaintiff's duty to have looked and listened at a point where such looking and listening would be reasonably effective, and if they believe from the evidence that the plaintiff had an unobstructed view of defendant's track when 90 feet away and thence in the direction

of the track for a distance of approximately 40 feet, and that by looking and listening he would have been warned of the approach of a railroad train and that notwithstanding he continued to approach said crossing and was struck and injured as claimed in his declaration, he was guilty of contributory negligence and they must find for the defendant, although they may also believe that the plaintiff did not actually hear or see the train with which his horse and wagon collided and that the defendant was also guilty of negligence in failing to blow its engine whistle or ring its bell or give other warning of its approach."

The court, however, declined to give the foregoing instruction, as offered, and modified it by striking out after the word "track" and before the word "and," the words "when 90 feet away and thence in the direction of the track for a distance of approximately 40 feet," and by adding thereto, after the word "crossing" and before the word "and," the words "without looking and listening."

It is urged that the first named modification was improper, and we think this contention is sound. It is clear from the record that the plaintiff was stressing before the jury, as, in one aspect of the case, he had the right to do, the obstructions to his view of the track. There was, however, a corresponding duty upon him, and the instruction in question, as given by the court, instead of making it plain to the jury that the obstructions near the track would not excuse the plaintiff's negligence in not looking before he reached them, left the jury free to assume that unless he had a *totally unobstructed* view, the principle intended to be announced in the instruction would not apply. The modification complained of ignored a vital point in the evidence, eviscerated the instruction, so far as the defendant's

theory was concerned, and for practical purposes converted it into an erroneous instruction for the plaintiff. It was correct in its original form and should have been so given.

The instructions given on behalf of the plaintiff, although unnecessarily numerous and reiterating substantially the same propositions so as to unduly emphasize them, were, in the main, correct. They were all objected to by the defendant, and the objection should have been sustained to the following, which was known as plaintiff's instruction number eight: "The court further instructs the jury that if the defendant in this case relies on the defense of contributory negligence of the palintiff, the burden is upon the defendant to show such negligence to the satisfaction of the jury by a preponderance of the evidence."

A succinct and correct statement of the law with reference to the burden of proof, where the defendant relies upon the defense of contributory negligence, and has grounds for claiming that such negligence appears from the plaintiff's evidence, is found in the head-note to the case of *Southern Railway Co.* v. *Bruce*, 97 Va. 92, as follows: "Although, as a general rule, the burden of proof is on the defendant to show the contributory negligence of the plaintiff, if it be relied on as a ground of defense, yet if the contributory negligence of the plaintiff is disclosed by his own evidence, or may be fairly inferred from all the facts and circumstances of the case, the burden still rests on him to relieve himself of the suspicion of his own negligence, and it is error to instruct the jury, without qualification, that the burden is on the defendant to prove the contributory negligence of the plaintiff."

The plaintiff's evidence here, as was said by Judge Cardwell in the *Bruce Case*, "tended at the least to dis-

close . . contributory negligence, and the circumstances were such that such negligence might be fairly inferred therefrom." See also *Richmond* v. *Leaher*, 99 Va. 1, 9, 37 S. E. 348; *Washington, &c. R. Co.* v. *Vaughan*, 111 Va. 785, 789, 69 S. E. 1035; 29 Cyc. 644. The fact that other instructions told the jury that contributory negligence would bar a recovery did not meet the present difficulty, which is one relating solely to the burden of proof.

The court, upon its own motion and over the objection of the defendant, gave the following instruction, the italics indicating the part thereof to which the objection was directed: "The court instructs the jury that it was the duty of the plaintiff in approaching the tracks of the defendant at the crossing to look and listen for approaching trains with such care as an ordinarily prudent man would have done under similar conditions, and his failure to use such care in looking and listening constitutes such contributory negligence on his part as debars a recovery for the injury done him by collision with the train, *unless the defendant after seeing the horse driven by plaintiff on its track, or could have seen him by the exercise of due care, failed to exercise all proper means to avoid the accident.* And this is true even though they believe that the defendant failed to give the signals or warnings by blowing the whistle or ringing the bell as was its duty."

The error in this instruction consists in the fact that it submits to the jury the issue or theory of discovered peril, or last clear chance, without any evidence whatever upon which to base it. The established facts, without any semblance of conflict, show that the defendant, to quote substantially from the instruction, "after seeing the horse driven by plaintiff on its track, or after it could have seen him by the exercise of due

care." could not by any possibility have averted the accident. In this state of the case it was error to give the instruction. *Southern Ry. Co.* v. *Hansbrough,* 107 Va. 733, 747, 60 S. E. 58; *Morton* v. *Southern Ry. Co.,* 112 Va. 398, 407, 71 S. E. 561; *C. & S. R. Co.* v. *Thomas,* 33 Colo. 517, 81 Pac. 801, 70 L. R. A. 681, 3 Ann. Cas. 700, 40 Am. & Eng. R. Cas. (N. S.) 167.

The next exception to be noticed relates to the action of the court in admitting certain evidence to show that the plaintiff was a careful and cautious driver and an industrious and energetic boy. It is not denied that the purpose of this evidence was to aid in establishing the fact that the plaintiff was on the alert and acting with care and caution when the accident happened. Nor does it seem to be seriously contended that the evidence was proper in itself. The learned counsel for plaintiff say in their brief, upon this point, that the evidence was wholly immaterial to the decision of the issues involved, the question being not what he generally did, but what he did on this occasion. They do contend, however, that the evidence was harmless to the defendant because the plaintiff testified positively to his own care and caution at the time, and no witness testified to the contrary. We cannot accept this view. While no witness testified in terms that the plaintiff was guilty of carelessness, there were facts and circumstances which would have fully sustained a verdict for defendant, based upon the plaintiff's contributory negligence. The court erred in admitting this testimony as to plaintiff's habits and character. *Southern Ry. Co.* v. *Rice,* 115 Va. 335, 248, 78 S. E. 592; 6 Thomp. on Reg., 7883; *Zucker* v. *Whitridge,* 205 N. Y. 50, 98 N. E. 209, 41 L. R. A. (N. S.) 683, Ann. Cas. 1913 D, 1250; Stephens Dig., ch. vi, art. 55; 1 Wigmore's Ev., secs. 64, 65. The matter and sub-

stance of the evidence upon this point does not bring it within the rule of admissibility relating to individual habits as distinguished from character and reputation.

One other assignment of error remains to be mentioned. The plaintiff testified that he looked and listened as he passed the open space in front of the post-office and saw no train. The defendant insists that a plain and simple mathematical calculation, based upon plaintiff's rate of speed and that of the train, and the respective distances to be traversed by each, will demonstrate that his testimony upon this point cannot be true. Upon this theory, the defendant asked the court to tell the jury "that where the undisputed physical facts clearly established by the evidence are contradicted by the oral testimony of the witnesses, such testimony must be disregarded." This is a correct abstract statement (*N. & W. Ry. Co.* v. *Crowe*, 110 Va. 798, 804, 67 S. E. 518; *N. & W. Ry. Co.* v. *Strickler*, 118 Va. 153, 86 S. E. 825.) To hold, however, that an instruction embodying this proposition should be given in this case, would be tantamount to holding that the physical facts and the testimony in question were in conflict, and that, in turn, would be equivalent to holding that the plaintiff's contributory negligence was such as to bar a recovery as matter of law. For reasons already indicated, we refrain from passing on this question.

It follows from what has been said that the judgment must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial to be had not in conflict with the views herein expressed.

*Reversed.*