## Richmond.

## NORFOLK SOUTHERN RAILROAD COMPANY v. GEORGE T. BANKS.

### February 26, 1925.

1. INSTRUCTIONS—*Directing Verdict upon Hypothetical Case—Case Should State all Facts Necessary.*—Where an instruction attempts to cover the plaintiff's entire case, and direct a verdict upon proof of the facts therein set out, and declare the rule by which damages are to be ascertained, all the facts necessary to entitle the plaintiff to a recovery must be stated.

2. INSTRUCTIONS—*Contributory Negligence—Directing Verdict upon Hypothetical Case—Case Should State all Facts Necessary—Case at Bar.*—In the instant case, an action for personal injuries, an instruction which attempted to cover the plaintiff's entire case and direct a verdict upon proof of the facts therein set out, and declare the rule by which damages were to be ascertained, directed the jury to give the plaintiff "such damage as will compensate him for the pain and suffering which was caused by the collision, and for damages to his automobile." The facts in the case strongly indicated contributory negligence on the part of the plaintiff.

   *Held:* Error, as it directed a verdict for full compensation without regard to whether the plaintiff was guilty of contributory negligence or not.

3. CROSSINGS—*Instructions—Directing Verdict upon Hypothetical Case—Case Should State all Facts Necessary.*—In an action for injuries to plaintiff and his automobile resulting from a collision at a crossing, an instruction which attempts to cover the plaintiff's entire case and direct a verdict upon proof of the facts therein set out, is erroneous, where it authorized the jury to find for the plaintiff even though after looking and listening he went upon the track in full view of the oncoming train, and at a time when to do so was courting disaster and flirting with death.

4. INSTRUCTIONS—*Conflicting Instructions—Misleading Jury.*—The effect upon the jury's mind of an instruction which tells them under what circumstances they may find for the plaintiff, when another instruction specifies a different set of facts which must be established before

recovery can be had, can only serve to confuse and bewilder, and the instructions are manifestly in conflict.

5. Crossings—*Contributory Negligence—Instructions.*—In the instant case the facts of the case strongly indicated contributory negligence on the part of the plaintiff. Therefore, no instruction should have been given authorizing the jury to find for the plaintiff, and fixing the measure of damages, without calling to their attention the duty of considering whether or not the plaintiff was guilty of contributory negligence, and its effect in determining the amount of recovery as provided in section 3959, Code of 1919.

6. Instructions—*Instruction Attempting to Cover the Plaintiff's Entire Case—Proximate Cause.*—An instruction which attempts to cover the plaintiff's entire case and direct a verdict upon proof of the facts therein set out, in an action for damages arising from a collision of plaintiff's automobile with defendant's locomotive at a crossing, should not ignore the question of the proximate cause of the collision.

7. Crossings—*Failure to Give Statutory Signals—Proximate Cause—Section 3959 of the Code of 1919.*—While section 3959 of the Code of 1919 provides for a recovery when the defendant has not blown the whistle, and rung the bell as therein required, even though the plaintiff is guilty of negligence in attempting to cross the track in front of an approaching train, this must be read in the light of the universal principle of law, that no negligence of the defendant, however gross, can sustain a verdict for the plaintiff unless that particular negligence contributed to the injury. There must be some causal connection between the failure of the defendant to observe the statutory requirements and the injury suffered by the plaintiff.

8. Crossings—*Opinion Evidence—Careful Driver of Automobile.*—In an action for damages arising out of a collision at a crossing between an automobile and a locomotive, it was error to permit plaintiff to testify that the driver of the automobile was careful, this being merely an opinion of the witness, with no facts given by which the jury might test the accuracy of the conclusion reached.

9. Witnesses—*Impeachment—Cross-Examination as to Collateral and Irrelevant Facts.*—A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it and thereby discredit his testimony. And if a question is put to a witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but it is conclusive against him. But this rule does not extend to cross-examination upon facts material to the issue.

10. Witnesses—*Impeachment—Cross-Examination as to Collateral and Irrelevant Facts—Case at Bar.*—In the instant case, an action for damages arising from a collision of an automobile with a locomotive, plaintiff and another witness testified regarding a conversation claimed to

have been had between plaintiff and the engineer, differing from the account of the conversation as brought out on the engineer's cross-examination with reference to the blowing of the whistle and ringing of the bell as the engine approached the crossing.

*Held:* That the court below should have instructed the jury in unequivocal language, that no statement made by the engineer in his conversation with the plaintiff could be considered by them as proving or tending to prove any fact in issue in the case. But as the supposed statements related to vital questions, there was no error in allowing the witness to be contradicted by showing that he made different statements from those made while being cross-examined. The question as to whether warnings were given or not were vital to the plaintiff's case, and could not be classed as collateral.

11. INSTRUCTIONS—*Erroneous Evidence—Instruction to Disregard.*—Impressions once made in the trial of a case are not obliterated or forgotten because the trial judge tells the jury to do so, and the baneful effect of illegal evidence bearing upon the real issue in the case can, if at all, be cured only by the most pronounced and emphatic instruction by the judge that it be utterly disregarded.

Error to a judgment of the Circuit Court of Norfolk county, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed and remanded.*

The opinion states the case.

*Jas. G. Martin & Bro.*, for the plaintiff in error.

*Willcox, Cooke & Willcox*, for the defendant in error.

McLEMORE, J., delivered the opinion of the court.

This is a motion brought by George T. Banks in the Circuit Court of Norfolk county to recover of the plaintiff in error, the defendant in the court below, for the sum of $2,000.00 as damages claimed to have been sustained in an accident between a locomotive of the railroad company and the defendant in error's automobile. The important facts connected therewith being substantially as follows:

On January 21, 1922, George T. Banks, the defendant in error (but hereafter designated as plaintiff), was traveling in an automobile along one of the highways of Norfolk county approaching from the north a station of the defendant company, known as Ingleside, on its main line.  The car at the time was being driven by the plaintiff's fourteen year old son, while the father occupied the seat by his side and on the right of the driver.

The highway runs north and south and the railroad east and west.  The day was cloudy with light rain or mist, the hour about ten A. M.

An engine and tender en route from Norfolk, going east to Munden, was passing the station at the same time the plaintiff's car undertook to cross the track and a collision occurred demolishing the car and slightly injuring Banks as a result of which this suit was brought.

The car had the curtains up on all sides except by the side of the driver on the left and the means of observing the approach of a train from the west was by looking through the isinglass inserted in the side curtain.  In approaching the track, the driver of the car did not look to his right, from whence the engine was approaching, until within about six feet of the track, and the plaintiff did not look to the west at all after he had approached within 300 feet of the crossing, until the instant before the impact.

From the highway crossing to the station on the west, some eighty-three feet, is a row of shrubbery paralleling the rails about forty-three feet north of the track, but not of sufficient size or density to obscure the approach of an engine.  There is a small passenger station and freight shed west of the crossing that could partially obstruct the view as they came between the line of vision of the observer and the object to be observed.

At the time the driver of the car actually saw the engine there was no chance to stop before they must come in collision, and equally impossible was it for the engineer to stop his engine after the driver of the car indicated his intention of crossing in front of the oncoming locomotive.

The car was struck and pushed down the side of the track some one hundred and fifty feet before the engine was stopped, and is admittedly a wreck. The plaintiff received some injury, and for the damage to the car and injury to the man, the jury returned a verdict for $1,000.00, upon which judgment was entered, and the case is now before the court upon the refusal of the trial court to set aside the verdict, and because of errors claimed to have been committed during the progress of the trial.

There are five assignments of error:

"1st: The court erred in granting instruction No. 1 for the plaintiff.

"2nd: The court erred in allowing in evidence the plaintiff's testimony to the effect that the boy driver was 'careful.'

"3rd: The court erred in allowing in evidence the testimony of plaintiff as to a conversation between him and the engineer.

"4th: The court erred in allowing in evidence the testimony of W. C. Old, a witness on behalf of plaintiff, as to the conversation between plaintiff and the engineer.

"5th: The court erred in not setting aside the verdict as excessive and because the jury did not at least decrease the damages for contributory negligence."

The first assignment is to the giving of instruction No. 1 for the plaintiff in which several errors are pointed out by defendant's counsel. This is the only instruction asked by the plaintiff and is in the following words:

"The court instructs the jury that if they believe from the evidence that on the *31st* day of January, the plaintiff was being driven by his son, in his automobile, towards the railroad of the defendant, where the same crosses the highway at Ingleside, in Norfolk county, at grade; that the plaintiff and his son looked and listened for the approach of any engine or train before driving upon said crossing at a time and place where looking and listening would have been reasonably effective, and that while the automobile was being driven across said crossing, it was struck by the engine of the defendant, giving to the plaintiff bodily injuries, and damaging his automobile; that the defendant's engine failed to blow its whistle not less than three hundred nor more than six hundred yards from said crossing, and also failed thereafter to ring its bell or blow its whistle, continuously, or alternately until it reached said crossing, then the plaintiff is entitled to recover in this action such damages as will compensate him for the pain and suffering which was caused by the collision, and for the damages to his automobile."

[1-3] It will be seen that the instruction attempted to cover the plaintiff's entire case and directed a verdict upon proof of the facts therein set out, and declared the rule by which damages were to be ascertained.   The principle is well settled that when this is done in an instruction, all the facts necessary to entitle the plaintiff to a recovery must be stated.   We think the instruction fails to do this in more than one respect, but conspicuously in directing the jury to give "such damages as will compensate him for the pain and suffering which was caused by the collision, and for damages to his automobile."

Another fatal objection to the instruction is that it authorizes the jury to find for the plaintiff even though

he may have gone upon the track in full view of the on-coming train, and at a time when to do so was courting disaster and flirting with death.

The facts of this case strongly indicate contributory negligence on the part of the plaintiff, and it might be gravely questioned whether a recovery could be sanctioned unless the facts justified the jury in believing the bell was not rung on approaching the crossing as required by section 3959, Code of Virginia. It directs a verdict for full compensation without regard to whether the plaintiff was guilty of contributory negligence or not. This we think was error.

[4] It is quite true that an instruction given at the suggestion of defendant's counsel presented a correct statement of the law on this subject, but the effect upon the jury's mind of an instruction which tells them under what circumstances they may find for the plaintiff, when another instruction specifies a different set of facts which must be established before recovery can be had, can only serve to confuse and bewilder, and are manifestly in conflict.

[5] We think no instruction should have been given authoriz'ng the jury to find for the plaintiff, and fixing the measure of damages, without calling to their attention the duty of considering, whether or not the plaintiff was guilty of contributory negligence, and its effect in determining the amount of recovery as provided in sect on 3959, Code of Virginia.

[6] That question is entirely ignored in the instruction under consideration, as is also the proximate cause of the collision. *So. Ry. Co.* v. *U. S. Casualty Co.*, 136 Va. 475, 118 S. E. 266; *Atlantic Coast Line R. R. Co.* v. *Caple*, 110 Va. 514, 66 S. E. 855.

[7] While section 3959 of the Code provides for a recovery when the defendant has not blown the whistle,

and rung the bell as therein required, even though the plaintiff is guilty of negligence in attempting to cross the track in front of an approaching train, this must be read in the light of the universal principle of law, that no negligence of the defendant, however gross, can sustain a verdict for the plaintiff unless that particular negligence contributed to the injury.

There must be some causal connection between the failure of the defendant to observe the statutory requirements and the injury suffered by the plaintiff.

[8] Second Assignment.—"The court erred in allowing in evidence the plaintiff's testimony to the effect that the boy driver was 'careful.' "

This seems very clearly to be an opinion of the witness with no facts given by which the jury might test the accuracy of the conclusion reached and should not have been admitted. *So. Ry. Co.* v. *Mason*, 119 Va. 256, 89 S. E. 225; *Virginia Railway and Power Co.* v. *Davidson's Adm'r*, 119 Va. 313, 89 S. E. 229; 22 Corpus Juris, 513, and *seq.*

[9, 10] The third and fourth assignments have to do with the statements of the plaintiff and of W. C. Old, in which they relate a certain conversation claimed to have been between plaintiff and the engineer, differing from his account of the conversation as brought out on his cross-examination. The attempt to discredit the witness in the manner indicated was the subject of an exception.

The conversation between the engineer and the plaintiff was not offered as a part of the *res gestae*, neither were the statements sought to be contradicted replies to questions asked by defendant's counsel on examination in chief, but were answers to questions asked by plaintiff's counsel on cross-examination with the view of impeachment, and the discrediting of his entire testimony.

In *Forde* v. *Commonwealth*, 16 Gratt. (57 Va.) 547, it is said: "It is a well settled rule, found in all the text writers upon evidence, that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue merely for the purpose of contradicting him by other evidence if he should deny it, thereby to discredit his testimony. And if a question is put to a witness which is irrelevant or collateral to the issue, his answer cannot be contradicted by the party who asked the question, but is conclusive against him."

The same principle was subsequently approved in *Baltimore & Chesapeake A. R. Co.* v. *Hudgins*, 116 Va. 32, 81 S. E. 49, wherein it is stated: "And accordingly we find it laid down in Greenleaf, *ubi supra*, that it is not irrelevant to inquire of the witness whether he has not on some former occasion given a different account of a matter of fact, *to which he has already testified*, in order to lay a foundation for impeaching his testimony by contradicting it. These expressions in the opinion and authority referred to, '*the testimony given on the trial*' '*to which he has already testified*', point out the distinction between collateral matter introduced upon cross-examination to lay a foundation for impeaching his testimony by contradicting the witness, and matter which he has testified to in his examination in chief, introduced by himself, and stated to the jury as a part of his own narrative of the transaction." See also 40 Cyc. 2569.

The learned trial judge attempted to limit the jury's consideration of the testimony to a minor phase of the colloquy as related by the plaintiff when he said: "You can consider this only as to the engineer not making a reply. You cannot consider it as proof that Mr. Banks made the statement." The conversation between them related particularly to whether or not the engineer rang the bell, the substance of wh ch, as related by the plaintiff and Old in the presence of the jury, was that when

charged with not having rung the bell, the engineer by his silence admitted the truth of Banks' statement.

[11] When testimony of such vital moment is given in the presence of the jury, its damaging effect is not removed by a suggestion from the judge that it may be considered for only a specified purpose.   Impressions once made in the trial of a case are not obliterated or forgotten because the trial judge tells the jury to do so, and the baneful effect of illegal evidence bearing upon the real issue in the case can, if at all, be cured only by the most pronounced and emphatic instruction by the judge that it be utterly disregarded.   *Taylor* v. *Commonwealth*, 122 Va. 886, 94 S. E. 795; *Washington-Va. Rwy.* v. *Deahl*, 126 Va. 153, 100 S. E. 840.

It is doubtful if the impressions produced upon the trained legal mind by illegal evidence can be so completely forgotten as to exert no influence when the legitimate evidence in the case is being considered and a conclusion reached.   If this be true as respects the judge upon the bench, it can hardly be expected that the impressions made upon the minds of the average jury can be disregarded and forgotten at the bare suggestion of the trial court.

We think the learned judge of the court below should have instructed the jury, in unequivocal language, that no statement made by the engineer in his conversation with the witness Banks could be considered by them as proving or tending to prove any fact in issue in the case. We are of the opinion, however, that the supposed statements, referring as they did to one of the vital questions upon which the jury was called upon to pass, were so related to the essential enquiries as to take it out of the influence of *Forde* v. *Commonwealth* and *Baltimore, etc.,* v. *Hudgins, supra,* and that no error was committed in allowing the witness to be contradicted by showing that he had made different statements to the witness Banks

from those made while being cross-examined as a witness in the trial.

The engineer had been cross-examined as to certain statements made by him at the time of the accident with reference to the blowing of the whistle and ringing of the bell, as the engine approached the crossing, and while he had not testified about th's matter on his examination in chief, the question as to whether these warnings were being given or not are vital to the plaintiff's case, and can hardly be classed as *collateral.*

It was of the utmost importance in establishing statutory negligence to show that the bell was not ringing, and we think therefore that the principle of law announced in *Fortune* v. *Commonwealth*, 133 Va. 669, 685, 112 S. E. 861, 866, namely: "But this rule does not extend to cross-examination upon facts material to the issue. And he may enquire into other material facts to the issue than those elicited by the party calling the witness, and if the answers are not satisfactory, he may by any legal proof contradict or discredit them."

But as previously stated in this opinion the trial judge should, by a specific instruction, tell the jury that the testimony, if believed, can be considered by them for one purpose and only one, namely: As discrediting the witnesses' testimony in general and not *as evidence of any fact* testified to in the trial of the case.

A most interesting question is raised by the plaintiff's counsel, both in his brief and in oral argument, as to the power of the jury to award full compensation in the cases where there is contributory negligence, but the statutory signals were not given. As this case must be reversed and remanded for errors already adverted to, it becomes unnecessary to decide this question, which seems not yet to have been passed upon in this State.

*Reversed and remanded.*