# Staunton.

## LLOYD G. GILLEY v. C. H. SIMMONS.

### September 23, 1926.

1. AUTOMOBILES—*Action for Negligent Injury—Sufficiency of Declaration—Bill of Particulars—Case at Bar.*—The instant case was an action growing out of a collision between two automobiles. The petition for attachment alleged, in substance, the date of the collision, the place of the occurrence, the due care of the plaintiff; that the negligence of the defendant consisted specifically of driving along and over the highway "at a high, negligent, reckless and unlawful rate of speed," and the damage to the plaintiff's person and automobile.

   *Held:* That this was sufficient and that a demurrer was properly overruled. If any further specifications were necessary in order to consert his defense, the defendant should have asked for a bill of particulars.

2. AUTOMOBILES—*Collisions—Instructions—Violations of Statutes.*—Instructions that lead the jury to suppose that every violation of the statute as to speed and care in driving an automobile would support a recovery, even though such violations were not the proximate cause of the collision and damage, are erroneous and misleading. Such instructions are objectionable, unless the jury are in the same connection told that, in order either to support or to defeat a recovery, such statutory violations as are shown caused or contributed to the injury.

3. AUTOMOBILES—*Collision—Instructions—Partial View of the Evidence—Case at Bar.*—The instant case arose out of a collision between two automobiles. At the request of the plaintiff, the trial court instructed the jury that if the defendant negligently ran his automobile into and against plaintiff's automobile, thereby injuring the plaintiff or his car, they should find for the plaintiff. The defendant had introduced evidence tending to show that the proximate cause of the collision was plaintiff's own negligence.

   *Held:* That the instruction was misleading, and, under the evidence, erroneous, because it directed a recovery upon a partial view of the evidence, and ignored the defendant's claim that the proximate cause of the collision was the plaintiff's own negligence.

Error to a judgment of the Circuit Court of Scott county, in a proceeding by attachment. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*W. S. Cox,* for the plaintiff in error.

*S. W. Coleman,* for the defendant in error.

PRENTIS, P., delivered the opinion of the court.

This case grows out of a collision between two automobiles. Simmons, plaintiff in the trial court, has recovered of Gilley $350 as damages for negligent injury. Gilley is here assigning several errors.

He was driving south on the Kingsport road near the point where the Yuma road approached the Kingsport road, approximately at a right angle. The Yuma road forks within about fifty feet before it reaches the Kingsport road, so as to afford convenient approach to and entrance on the Kingsport road, permitting travel either north or south on the Kingsport road. Simmons testified that he saw the defendant about 100 yards north of the intersection, traveling south, and going fast, while he, Simmons, was traveling east slowly. He also testified that Gilley's speed was thirty-five or forty miles an hour, while his was twelve or fifteen miles an hour. Gilley testified that he did not see the plaintiff until they were about 50 feet apart; that while plaintiff's speed was "terrific" when he first saw him, he, Gilley, was traveling about twenty-five miles per hour, and that when they collided their speed was about equal.

There were conflicts in the evidence and inconsistencies. Each blamed the other and excused himself.

1. One of the assignments of error is that the trial court overruled the demurrer to the plaintiff's petition for attachment, by which the proceeding was commenced. The grounds of demurrer were that the petition was too indefinite and that the facts alleged were insufficient to constitute a cause of action.

[1] The petition alleged, in substance, the date of the collision, the place of the occurrence, the due care of the plaintiff; that the negligence of the defendant consisted specifically of driving along and over the highway "at a high, negligent, reckless and unlawful rate of speed," and the damage to the plaintiff's person and automobile. This was sufficient, and if any further specifications were necessary in order to concert his defense, Gilley, the defendant, should have asked for a bill of particulars. The demurrer was properly overruled.

[2] 2. Separate exceptions were taken to instructions 2 and 3, given for the plaintiff. They can be considered together.

In No. 2 the jury were told that if an automobile is driven on a public highway when approaching an intersecting road at a rate of speed exceeding fifteen miles an hour, such a rate of speed is conclusive evidence that the person driving it is driving at a rate of speed greater than is reasonable and proper and in violation of law. This instruction is based upon the statute then in force, Code, section 2138, Acts 1922, p. 747.

In instruction No. 3 the court told the jury that "it is the duty of a person driving an automobile on or along a public road of this State, to observe and obey the laws of the road and use such care and caution at all times as an ordinarily careful and prudent per-

son would exercise under the same circumstances, having regard to the width, traffic and use of the highway, and the protection of life and property. And a failure of a person to exercise such care and caution is negligence under the law."

The most serious objections to these instructions are that they fail to make any reference to proximate cause and are therefore erroneous and misleading in this case. Certainly this is true if the jury were led thereby to suppose that every violation of the statutes as to speed or care in driving would support a recovery, even though such violations were not the proximate cause of the collision and damage. In this and in most cases the jury must also consider whether the plaintiff was guilty of contributory negligence, or whether there was concurrent negligence. They were, however, as favorable to the defendant as they were to the plaintiff, for there was testimony tending to show that each was guilty of similar acts of negligence— excessive speed in violation of the statute and of the failure to exercise ordinary care under the circumstances immediately preceding and at the instant of the collision. Such instructions are objectionable unless the jury are in the same connection told that in order either to support or to defeat a recovery such statutory violations as are shown caused or contributed to the injury.

[3] 3. Another and the most impressive assignment of error is based upon an instruction given on motion of the plaintiff. This reads: "The court further instructs the jury that if they believe from a preponderance of the evidence in this case that the defendant negligently ran his automobile into and against the plaintiff's automobile as alleged in plaintiff's petition in this case, and thereby injured the plaintiff's person

or his car or automobile as set forth in plaintiff's petition in this case, then they should find for the plaintiff and assess his damages at such sum of money as they believe from the evidence the plaintiff is entitled to recover, so that the same do not exceed six hundred dollars, the amount claimed in the plaintiff's petition."

This instruction is misleading, and, under the evidence in this case, erroneous, because in violation of established rules it directs a recovery upon a partial view of the testimony, and ignores the claim and evidence introduced for the defendant tending to show that the proximate cause of the collision and its consequences was the plaintiff's own negligence at the time, especially in driving off of the concrete roadway, suddenly changing his course, and attempting without notice or warning to cross the road immediately in front of the approaching automobile of the defendant at a time when he, the plaintiff, should have known that he could not safely do so; and that this made the collision inevitable. *Norfolk Southern R. Co.* v. *Banks,* 141 Va. 715, 126 S. E. 662.

The defendant was clearly entitled, under the evidence, to have the jury consider his defense and his claim that the speed and careless driving of the plaintiff were the proximate cause of the collision. The court erred in directing a verdict for the plaintiff upon a partial view of the evidence. This error was emphasized by the refusal to give any instruction for the defendant based upon the testimony tending to show that the negligence of the plaintiff was the proximate cause of the collision. For this error the judgment will be reversed.

The case presents questions of fact, and will be remanded for a new trial.

*Reversed.*