# Richmond

## VIRGINIA ELECTRIC AND POWER COMPANY v. LUE ALENA MERCER.

November 16, 1933.

Present, Campbell, C. J., and Epes, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*T. Justin Moore, W. H. Venable* and *Archibald G. Robertson,* for the plaintiff in error.

*Daniel Coleman* and *Thomas Amato,* for the defendant in error.

CAMPBELL, C. J.,[1] delivered the opinion of the court.

This is an action of trespass on the case brought by Mrs. Lue A. Mercer against the Virginia Electric and Power Company, for the recovery of damages on account of personal injuries alleged to have been sustained as a result of being struck by a passenger bus operated by defendant. There was a trial by jury, which resulted in favor of the plaintiff in the sum of $750. The trial court overruled the motion of defendant to set aside the verdict and entered the judgment here complained of.

The facts are few and will be briefly stated. The defendant operates motor busses in the city of Norfolk, and on the day of the alleged accident was operating its bus over City Hall avenue. While the bus was making a right-hand turn into Bank street, the plaintiff, who was standing at the southwest corner of the avenue and Bank street, charges that she was struck by the body of the passing bus, due to the negligent operation thereof, and knocked into the street, and as a result of the impact sustained severe injuries.

It is assigned as error that the trial court erred in refusing to set aside the verdict of the jury on the ground that the verdict is contrary to the law and the evidence, and in refusing to enter judgment for the defendant.

The defendant contends: (1st) That no act of negligence upon the part of defendant has been shown; (2nd) that it was a physical impossibility for the accident to have occurred in the manner stated by the plaintiff.

---

[1] By reason of circumstances over which the court had no control, it became necessary to reassign the task of preparing this opinion. This accounts for the delay in deciding the case.

The physical facts are, in our opinion, the determining factors in the case. As shown, City Hall avenue runs approximately east and west and is intersected almost at right angles by Bank street, which runs north and south. A sign post with street names upon it is located at the southwest corner of the avenue and Bank street. The location of the post is within the sidewalk, approximately at the south curb-line of the avenue, and several feet east of an extension of the southwest property line of Bank street. Approximately three feet west of the sign post is a fire hydrant. About eight feet west of the hydrant stands a pole strung with trolley wires, and six feet west of the trolley pole is an electric light pole. The hydrant, the trolley-wire pole and the electric-light pole are all set within the sidewalk and nearly even with the south curb line of City Hall avenue. The plaintiff is the only witness who testified how the accident occurred. She stated that on the afternoon of March 25th, she went to the corner of City Hall avenue and Bank street to meet her husband, who is a detective of the police department; that she stood on the corner for about five minutes; that she saw the bus approaching and after the front of the bus had passed, "It just seemed the rear rushed right up and hit me. It seemed it came in such a rush and it was so sudden, I was not thinking of anything, and it knocked me winding; * * * the rear of the bus seemed it come right up over the sidewalk."

A careful scrutiny of the evidence fails to reveal the exact location of plaintiff at the time of the alleged impact. It is conclusively shown that she was standing at the southwest corner of City Hall avenue and Bank street, near where the sign post was located and between the sign post on the one side and the fire hydrant and the trolley pole on the other. It is admitted that the driver of the bus did not know of the accident until some time afterwards. After the bus passed the plaintiff, she was discovered by a traffic policeman, lying in the street next to the gutter, in a "dizzy condition." The medical examina-

tion showed a slight abrasion on the outer side of the left ankle and a little tenderness over the left shoulder and left arm, and a "bump" at the end of the collar bone on the right side. It is alleged in the declaration, and the proof tends to show that plaintiff has suffered "great pain of mind and body" since the accident.

From a careful examination of the oral evidence and the maps introduced, it is impossible for us to agree with plaintiff's account of the accident. When we consider the undisputed facts, that plaintiff was standing between the intersecting corner of the street and the fire hydrant; that none of the obstacles was struck by the bus; that the swing of the bus in making a right-hand turn was towards the left; that plaintiff, instead of being knocked down upon the sidewalk, was found in the street after the bus passed, we have a physical demonstration that the bus did not "come up on the sidewalk" and strike the plaintiff.

In *Norfolk & W. Ry. Co.* v. *Hardy,* 152 Va. 783, 148 S. E. 839, 842, Mr. Chief Justice Prentis quoted with approval the following language from *Norfolk & W. Ry. Co.* v. *Strickler,* 118 Va. 153, 86 S. E. 824:

" 'This court has repeatedly declared that courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible. Though the case be heard as upon a demurrer to the evidence, the court will not stultify itself by allowing a verdict to stand, although there may be evidence tending to support it, when the physical facts demonstrate such evidence to be untrue, and the verdict to be unjust and unsupported in law and fact.' *C. & O. Ry. Co.* v. *Anderson,* 93 Va. 650, 25 S. E. 947; *Harvey* v. *Commonwealth,* 103 Va. 850, 49 S. E. 481; *N. & W. Ry. Co.* v. *Crowe's Adm'r,* 110 Va. 798, 67 S. E. 518; *Pennsylvania R. Co.* v. *Jenkins,* 119 Va. 186, 89 S. E. 96, 97; *Southern Ry. Co.* v. *Mason,* 119 Va. 256, 89 S. E. 225, 229; *Virginia & S. W. Ry. Co.* v. *Skinner,* and *Virginia & S. W. Ry. Co.* v.

*Harris,* 119 Va. 843, 89 S. E. 887, 888; *Hancock* v. *N. & W. Ry. Co.,* 149 Va. 829, 141 S. E. 849."

That holding of this court has been recently approved by Mr. Justice Gregory in *Equitable Fire & Marine Insurance Co.* v. *Stieffens,* 154 Va. 281, 153 S. E. 731.

It follows that the judgment in favor of plaintiff must be reversed and a final judgment entered here for the defendant.

*Reversed.*