# Richmond

## JAMES WILLIAM NOLAND, JR., ETC. v. ALLEN DALE FOWLER, ET AL.

January 19, 1942.

Record No. 2470.

Present, All the Justices.

The opinion states the case.

*Walter H. Robertson,* for the plaintiff in error.

*Bolling R. Powell, Jr., R. A. Van Orsdel* (Washington, D. C.) and *J. Donald Richards,* for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error, by his next friend, brought an action by notice of motion to recover of the defendants in error the sum of $1,500, due, as alleged, by reason of the negligence of defendants, which caused a collision of plaintiff's automobile with an automobile driven by Fowler and owned by the Chesapeake and Potomac Telephone Company.

There was a trial by a jury, which resulted in a verdict in favor of the plaintiff in the sum of $850. On motion of the defendants, the trial court set aside the verdict of the jury and entered final judgment for defendants.

This action of the court is assigned as error.

The accident under review occurred near the intersection of U. S. Highway 211 and alternate U. S. Highway 211, in the vicinity of Warrenton, Virginia. At this point, the intersection of these two highways forms the apex of a triangle, the base of which is a short, paved, cut-off road joining the highways. Alternate route 211, proceeding toward Warrenton, is constructed in a curve and over the brow of a hill. The view beyond the crest of the hill, it must be conceded, is obstructed until the crest is reached.

The undisputed evidence, as disclosed by the record, may be summarized thus:

On the morning of the accident, which occurred at approximately 7:30 A. M., plaintiff, accompanied by his brother, was proceeding in the direction of Warrenton. He was perfectly familiar with the highway, as he traveled it almost daily. He knew the existence of the intersection and the general lay of the land beyond the crest of the hill over which he had to pass. As he approached the crest of the hill, he was traveling at approximately fifty-five miles per hour. When he reached the crest, he saw an automobile (in

which defendant, Fowler, was riding), approaching at a distance of one hundred and fifty-six feet. When he observed the car, plaintiff applied his brakes and his car skidded a distance of sixty-five feet, striking the Fowler car and knocking it backward a distance of approximately twenty feet, and then proceeded a distance of some sixty odd feet from the point of impact to a point where it turned over and around, and, when stopped, it was headed in the direction from which plaintiff had come. Plaintiff's car was practically demolished, while the car driven by Fowler was considerably damaged on the left front side thereof.

The basis of plaintiff's right to recover damages as a result of the collision, is set forth in the notice of motion as follows:

That Fowler the agent of the company while within the scope of his employment "suddenly and without warning * * and without seeing that he could do so in safety, and without reaching the middle line of a certain *connection* (connecting) road coming into route 211, attempted to make a left-hand turn into said road at a place and at a point where he could not do so in safety to himself and to other cars traveling along said road, the result of which negligent action placed the car he was driving in the line of travel of my right-hand side of the road where the said car had no right to be * * *."

Plaintiff testified, as stated, that he could not see over the top of the hill; that his first view of defendants' car was when he reached the crest of the hill and it was then one hundred and fifty-six feet away. He further stated that the front end of the car was two and one-half or three feet south of the white line in the road on his lane of travel, and was making a left-hand turn eighteen feet south of the center of the intersection; that he applied his brakes because he was between two banks and if he turned his car either to the right or left he would hit a bank. He further stated that immediately after the accident Fowler said to him, "Gosh, I am sorry, it was my fault."

Plaintiff was corroborated by his brother in his statement as to how the accident occurred, and was contradicted *in toto* by Fowler.

Fowler stated that he did not make a left hand turn at the point stated by plaintiff; that he did contemplate doing so but desisted when he saw the plaintiff's car approaching at a rapid rate of speed; that at the moment of impact his car was wholly within its lane of travel, being thirty-four inches on its side of the center line of alternate U. S. Route 211.

It also appeared in evidence that at the point of impact the skid marks of plaintiff's car were astride the center line of the highway and approximately thirty-four inches over on defendants' side of the road.

In addition to the oral testimony, photographs taken of the two cars a short time after the accident were introduced in evidence.

It is the contention of the plaintiff that the jury having resolved all conflicts in the evidence in his favor and there being sufficient evidence upon which to base a verdict, there was no warrant in law for the action of the court in setting the verdict aside.

◼ This court, in numerous decisions, has dealt with the exercise of power by the trial courts in setting aside a verdict of a jury and entering judgment contrary to the verdict. However, it is unnecessary to enter upon a discussion of the authorities dealing with the question. Suffice it to say that we adhere to the rule stated by Mr. Justice Gregory in *Price* v. *Burton*, 155 Va. 229, 154 S. E. 499: "It must be borne in mind that unless the verdict of the jury is plainly wrong, or without evidence to support it, this court will sustain it."

◼ On the other hand, even though all the conflicts in the oral testimony have been resolved in favor of a plaintiff by the verdict of a jury, if the physical facts are such as to demonstrate that the oral evidence upon which the jury based its verdict is incredible, then the trial court and this court are not bound by the verdict of the jury.

The controlling rule is that reaffirmed in *Chesapeake & O. R. Co.* v. *Barlow*, 155 Va. 863, 156 S. E. 397. In that case, Mr. Justice Hudgins quoted with approval this doctrine:

[◼ "This court has repeatedly declared that courts are not

required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible. Though the case be heard as upon a demurrer to the evidence, the court will not stultify itself by allowing a verdict to stand, although there may be evidence tending to support it, when the physical facts demonstrate such evidence to be untrue, and the verdict to be unjust and unsupported in law and in fact." *Chesapeake & O. R. Co.* v. *Anderson,* 93 Va. 650, 25 S. E. 947; *Harvey* v. *Commonwealth,* 103 Va. 850, 49 S. E. 481; *Norfolk & W. R. Co.* v. *Crowe's Adm'x,* 110 Va. 798, 67 S. E. 518; *Pennsylvania R. Co.* v. *Jenkins,* 119 Va. 186, 89 S. E. 96, 97; *Southern R. Co.* v. *Mason,* 119 Va. 256, 89 S. E. 225, 229; *Virginia & S. W. R. Co.* v. *Skinner, and Virginia & S. W. R. Co.* v. *Harris,* 119 Va. 843, 89 S. E. 887, 888; *Hancock* v. *Norfolk & W. R. Co.,* 149 Va. 829, 141 S. E. 849; *Norfolk & W. R. Co.* v. *Hardy,* 152 Va. 783, 148 S. E. 839.

Though it be conceded that the defendant, Fowler, was guilty of negligence, that does not help the contention of plaintiff. With the uncontradicted evidence before us that the car of plaintiff was thirty-four inches on his wrong side of the road when the collision took place, and the photograph of the defendants' car before us, which demonstrates to a mathematical certainty that the injury to it could not have been inflicted as stated by plaintiff, there is but one logical conclusion to be drawn, and that is, that the accident could not have occurred in the manner stated by the plaintiff. That the car of the defendants was not struck by the plaintiff's car when it was (as claimed by plaintiff) standing at an angle of two and a half or three feet on plaintiff's side of the road is shown by the physical facts of the skid marks and by the physical facts of the injury done defendants' car. The only injury to defendants' car was on the extreme left-hand side thereof. From the left side of the hood and the radiator grill to the extreme outside of the right front fender, there is no indication of impact whatever. Not even the front bumper of defendants' car was dislodged nor was the license plate on the right-hand side disarranged. In other words, defen-

dants' car suffered no damage to the right of the left-hand fender. This demonstrates that a head-on collision could not have occurred.

It is contended that plaintiff was faced with a sudden peril as he came over the crest of the hill at the rapid rate of fifty-five miles per hour, and he acted in good judgment when he applied the brakes which caused his car to skid into the car of defendant. Plaintiff will not be permitted to "approbate and reprobate" at the same time. The physical facts place defendants' car on its proper side of the road. This being true, there was ample room for plaintiff to pass in safety, and no occasion brought about by defendants, to cause plaintiff to apply his brakes and cause his car to skid.

While it is true that we do not have a statute regulating the speed of motor vehicles surmounting a hill, and therefore it is not negligence *per se* to cross the crest of the hill at the legal maximum rate of fifty-five miles per hour, we do have a statute, section 2154 (108) of the Code, which provides:

"Irrespective of the maximum speeds herein provided, any person who drives a vehicle upon a highway recklessly, or in a manner so as to endanger life, limb or property of any person shall be guilty of reckless driving."

While it may be forcefully argued that a stranger, unaware of the intersection beyond the crown of the hill in question, and therefore unaware of potential peril, would not be guilty of reckless driving when he crossed the crest at fifty-five miles an hour, we do not think the same should be said of one who is a constant user of the highway at the point involved and who, in the nature of common experience, might anticipate a vehicle in the act, or on the verge, of turning into the intersection with which he was familiar. While plaintiff himself fixes the rate of speed at exactly the legal limit of fifty-five miles per hour, there can be no doubt that he crossed the crest of the hill at an unwarranted rate of speed, under the facts and circumstances of this case, and that the concurring, if not the proximate, cause of the accident was his violation of section 2154 (108) of the Code of Virginia.

There is no error in the judgment of the trial court and it will be affirmed.

Upon the trial of the case, defendants filed a cross claim, claiming damages in the sum of $750. The verdict and judgment on this issue were against the defendants.

Without entering into a detailed discussion of the defendants' cross-assignment of error, we are of opinion there is no merit in it and the judgment is affirmed.

*Affirmed.*