## Richmond

Mary Jane Whittaker v. Morris A. Calfee, Jr.

October 8, 1973.

Record No. 8200.

Present, All the Justices.

*John B. Spiers, Jr. (Spiers, Spiers & Mink,* on brief), for plaintiff in error.

*Kendall O. Clay (Edwin C. Stone; Dalton, Stone & Clay,* on brief), for defendant in error.

Harman, J., delivered the opinion of the court.

Morris A. Calfee, Jr., (Calfee or plaintiff) was awarded a judgment for $2,000 upon a jury verdict in the trial court against Mary Jane Whittaker (Whittaker or defendant) for personal injuries which Calfee received as the result of an automobile crash.

The dispositive question presented here is whether the evidence establishes that Calfee was guilty of contributory negligence which bars his recovery.

Calfee sustained his injuries on June 22, 1970, when his car collided with the defendant's car on Norwood Street (U. S. Rt. 11) in the City of Radford. Norwood Street at the scene of the crash was a 57 foot wide four lane highway with concrete curbs on either side of the blacktop pavement. The speed limit was 35 miles per hour.

Markings divided the roadway into 2 eastbound lanes, each of which was 15½ feet in width, and 2 westbound lanes, each of which was 13 feet in width. The eastbound and westbound lanes were separated

by solid double lines. The roadway at the scene was level and clear of foreign materials.

The wreck occurred during the early evening before dusk on a clear, dry day.

Plaintiff, who had been proceeding east on Norwood Street, stopped his car in the left (inside) eastbound lane opposite the driveway of a restaurant located on the north side of the highway. He was giving a mechanical signal of his intention to turn his car to the left to enter the driveway leading to the restaurant parking lot.

Plaintiff testified that he observed defendant's westbound car as he stopped or while he was stopped. He estimated the defendant's car was then 250 or 300 feet east of his location but he declined to estimate her speed. He then started off slowly and crossed the westbound lanes of the highway. As he was entering the driveway of the restaurant a car backed toward him from one of the parking spaces in the parking lot. This forced him to stop to avoid a collision with the backing car. He remained stopped until struck three or four seconds later. He testified that when he stopped only 4 feet of the rear of his car was extending into Norwood Street. Plaintiff said that he did not look to the east again after observing defendant's car and commencing his turn.

The investigating officer, Don W. Cole, was called as a witness by the plaintiff. His testimony reveals that the left front of the defendant's car collided with the front right side of the plaintiff's vehicle. Cole testified, without objection, that the "point of impact" was at about the center of the right (outside) westbound lane opposite the driveway. The force of the impact caused the plaintiff's car to spin around and it came to rest facing west in the right westbound lane of the street approximately 50 feet west of the point of impact.

The defendant's car, which had not been moved before the officer arrived, was at a slight angle to the roadway with its right front wheel resting on the "apron" of the restaurant driveway. The remainder of the car was in Norwood Street. Tire marks from the rear of defendant's car extended 30 feet to the east. These tire marks began to the right of and near the line separating the two westbound lanes and formed an arc to defendant's right to where her car came to rest.

The defendant, called as an adverse witness by the plaintiff, testified that she was proceeding west at a speed which she estimated at 35 to 40 miles per hour. She first saw the plaintiff's car in motion ahead of her "between both westbound lanes, in the middle of both

westbound lanes." She immediately applied her brakes but was unable to stop before the collision.

The underlying principles involved here are set forth in *Weddle, Adm'x.* v. *Draper*, 204 Va. 319, 322, 323, 130 S.E.2d 462, 465, 466 (1963), where we said:

> "When a defendant is called as an adverse witness the plaintiff is not bound by such of his testimony as is in conflict with evidence introduced by the plaintiff; but the plaintiff is bound by so much of the testimony of the defendant as is clear, reasonable and uncontradicted. [Citing authorities.]

> \* \* \* \* \*

> "It is true that physical facts are sometimes more convincing than oral testimony (*Early* v. *Mathena, Adm'r*, 203 Va. 330, 335, 124 S.E.2d 183, 187) but when physical facts are relied upon to overcome oral testimony they must be established by evidence so clearly preponderating that the existence of such facts is unmistakable. [Citing cases]"

As we said in *Noland* v. *Fowler*, 179 Va. 19, 23, 18 S.E.2d 251, 253 (1942),

> ". . . [E]ven though all the conflicts in the oral testimony have been resolved in favor of a plaintiff by the verdict of a jury, if the physical facts are such as to demonstrate that the oral evidence upon which the jury based its verdict is incredible, then the trial court and this court are not bound by the verdict of the jury."

From the uncontroverted physical facts, facts adduced by the plaintiff's own witness, we conclude that the plaintiff's oral testimony of how the crash occurred is overcome by the physical facts which clearly preponderate over his oral testimony.

The physical facts make it manifest that plaintiff made a left turn into and across the path of the oncoming Whittaker vehicle at a time when that vehicle, approaching at 35 to 40 miles per hour (51.3 to 58.7 feet per second), was dangerously near. From this we must conclude that the plaintiff was guilty of contributory negligence as a matter of law. Thus, we reverse and enter final judgment for the defendant.

*Reversed and final judgment.*