## Staunton.

## VIRGINIA AND SOUTHWESTERN RAILWAY CO. V. SKINNER

### AND

## VIRGINIA AND SOUTHWESTERN RAILWAY CO. V. HARRIS.

September 11, 1916.

Absent, Cardwell, P.

1. APPEAL AND ERROR—*Verdicts—Incredible Statements.*—Courts are .not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible. Though the case be heard as upon a demurrer to the evidence, the court will not stultify itself by allowing a verdict to stand, although there may be evidence tending to support it, when the physical facts demostrate such evidence to be untrue, and the verdict to be unjust and unsupported in law and in fact.

2. RAILROADS—*Injury to Traveler—Grade Crossing—Look and Listen.*—A person struck by an engine at a grade crossing of a railroad in consequence either of his failure to look for its approach, or to heed the danger after looking, cannot recover damages for his injury of the railroad company. In either event, he was guilty of su h contributory negligence as bars recovery. Furthermore, the duty to look and listen imposed upon a traveler on a highway approaching a railroad crossing is a continuing duty, and if there is any point at which, by looking and listening, a person injured could have avoided the accident, and failed to do so, then he has neglected to discharge a duty which the law imposes, and his contributory negligence defeats a recovery for the injury.

3. RAILROADS—*Grade Crossing—Injury to Traveler—Lookout by Passenger in Vehicle Necessary.*—It is the duty of a traveler in a vehicle about to cross a railroad at grade to look out for his own protection. He has no right to rely solely on the driver to look out for approaching trains. No one can be permitted to shut his eyes to danger in blind reliance upon the unaided care of another without assuming the consequences of the omission of such care.

Error to two judgments of the Circuit Court of Wise county in actions of trespass on the case. Judgment for the plaintiff in each case. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Bullitt & Chalkley* and *H. H. Shelton,* for the plaintiff in error.

*Vicars & Perry* and *Morton & Parker,* for the defendants in error.

Harrison, J., delivered the opinion of the court.

An opinion was handed down in these cases September 9, 1915, reversing the judgments then complained of and remanding the cases for a new trial. See 117 Va. 851, 86 S. E. 131. At the last trial in the court below there was a demurrer to the evidence by the defendant, which was overruled and judgment given in each case for the plaintiff therein for the damage ascertained by the jury. From these two judgments the cases are again before us for review.

As formerly stated, the two cases grew out of the same accident and are, by agreement, heard together in this court upon one record, which is applicable alike to each. The evidence was practically the same at both trials. As will be seen from the former opinion, the accident was the result of a collision between the Virginia and Southwestern Railway Company's engine and an automobile at a public crossing in Wise county, caused, as alleged, by the negligence of the defendant company. The automobile was owned and driven by the plaintiff, Charles Harris, and was occupied, in

part, by the other plaintiff, D. H. Skinner. Harris sues to recover for damage to his automobile and Skinner sues to recover for personal injuries alleged to have been sustained by him.

It is by no means satisfactorily shown that the defendant was guilty of any negligence proximately causing the injuries complained of. The conclusion that the defendant was culpable seems to have been based upon conjecture, guess, and random judgment, rather than upon any reliable or established facts. We will not, however, enter this field of speculation in an attempt to determine that question, for assuming that the defendant was guilty of actionable negligence, we are of opinion that, viewed from the standpoint of a demurrer to the evidence, it clearly appears that the plaintiff in each case was guilty of such contributory negligence as to preclude a recovery.

It appears from the testimony of the plaintiff, Harris, that he approached the crossing until within five or six feet of the rail, and there stopped for one of the passengers to alight and pay his fare. There is no contradiction that, from the point of the accident southwardly, the direction from which the engine and tender came, the track is perfectly straight with a clear, unobstructed view for a distance of nine hundred feet. Harris says that, after letting off the passenger and collecting his fare, when he was standing five or six feet from the rail, before starting across the track he looked and listened, in both directions, and neither saw nor heard the approaching engine; that he then started across and was in the middle of the track when he saw the engine about thirty feet from him; that he then shoved the throttle up and the car jumped four or five feet, and he jumped out and thus escaped.

It is simply incredible that Harris could have stood within five or six feet of the nearest rail of the railroad track and looked over a straight, clear and unobstructed distance of nine hundred feet without seeing an engine that was in thirty feet of him as soon as he moved the very few feet necessary to put him in the middle of the track. A simple calculation will show that, if the engine was not in sight when Harris started across the track and he did not stall, as he says he did not, he would have been some distance beyond the track before the engine could have traveled a distance of nine hundred feet or more and reached the crossing. Under the conditions given, it is impossible that Harris could have looked and not seen the approaching engine. This view is concurred in by several of his witnesses, who say that they did not see him look.

This court has repeatedly declared that courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible. Though the case be heard as upon a demurrer to the evidence, the court will not stultify itself by allowing a verdict to stand, although there may be evidence tending to support it, when the physical facts demonstrate such evidence to be untrue, and the verdict to be unjust and unsupported in law and in fact. *N. & W. Ry. Co.* v. *Strickler*, 118 Va. 153, 86 S. E. 824.

If Harris, when standing within five or six feet of the rail, had looked, as he says he did, he could not have avoided seeing the approaching engine, which was upon him almost instantly thereafter, and could have escaped the accident by remaining where he was in a place of safety until the engine had passed over the crossing. It is manifest that Harris either

did not look, or after seeing the engine attempted to cross the track immediately in front of it, thinking, no doubt, that he could clear the track before it reached him. In either event, he was guilty of contributory negligence and cannot recover. The plaintiff, Skinner, says that when the automobile was one hundred yards from the crossing, he looked for a train and did not see any, and that he did not look any more either way. This failure to look again, and to continue to look until he was over the crossing, was inexcusable negligence.

In *Chesapeake & Ohio Ry. Co.* v. *Hall*, 103 Va. 296, 63 S. E. 1007, it is said: "The duty to look and listen imposed upon a traveler on a highway approaching a railroad crossing is a continuing duty, and if there is any point at which, by looking and listening, a person injured could have avoided the accident, and failed to do so, then he has neglected to discharge a duty which the law imposes, and his contributory negligence defeats a recovery for the injury."

It is suggested that as Skinner was a passenger he had the right to rely on Harris, the driver, for protection, and was excused from looking out for himself. It was the duty of Skinner to look out for himself. No one can be allowed to shut his eyes to danger in blind reliance upon the unaided care of another without assuming the consequences of the omission of such care. *A. & D. R. Co.* v. *Ironmonger*, 95 Va. 625, 29 S. E. 319; Shear. Red. on Neg. (6th ed.), sec. 66.

We are further of opinion that the doctrine of the "last clear chance" has no application to the facts of this case. The testimony of the plaintiff, Harris, is that when he went upon the track with his automobile the engine was within thirty feet of him, and there

is not a suggestion in the evidence that the engine could have been stopped within that thirty feet.

For these reasons, both of the judgments complained of must be reversed and set aside, and this court will enter in each case such judgment as the lower court should have entered, sustaining the demurrer to the evidence therein and dismissing each case, with costs in favor of the defendant.

*Reversed.*