JOHN BARNASKY, Respondent, v. NEW YORK, ONTARIO
AND WESTERN RAILWAY COMPANY, Appellant.

Railroad — negligence — contributory negligence — plaintiff
struck by train while crossing railroad track on motorcycle —
when facts sufficient to show contributory negligence.

Plaintiff, while crossing defendant's track on a motorcycle, was
struck by a locomotive attached to a freight train going in a northerly
direction. He looked toward the south when forty-five feet from the
track but did not see or hear a train. He did not look again to the
south or listen until the train was practically upon him. The explana-
tion given by him as to why he did not again look southerly to ascer-
tain whether a train was approaching before attempting to pass over
the track, was that on account of the obstructions to the north he
was looking to ascertain whether a train was approaching from that
direction. Held, that, giving the plaintiff the most favorable infer-
ences to be drawn from the evidence, it shows that his injuries were
caused by his own carelessness in not exercising the care which the
law required him to exercise for his own safety.

Barnasky v. N. Y., O. & W. Ry. Co., 180 App. Div. 921, reversed.

(Argued April 29, 1919; decided May 27, 1919.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the fourth judicial department,
entered October 25, 1917, affirming a judgment in favor
of plaintiff entered upon a special verdict.

The nature of the action and the facts, so far as
material, are stated in the opinion.

P. W. Cullinan for appellant. It was error for the
trial court to refuse the motion of the defendant to dis-
miss the complaint and grant a nonsuit because the
plaintiff was guilty of contributory negligence, as a
matter of law, in failing to look in crossing the defend-
ant's tracks. (Keller v. Erie R. R. Co., 183 N. Y. 67;
Dolfini v. Erie R. R. Co., 178 N. Y. 1; Hudson v. R.,
W. & O. R. R. Co., 145 N. Y. 408, 412; Fisher v. Vermont
Central R. R. Co., 109 App. Div. 449; McSweeney v.

*N. Y. Central R. R. Co.*, 93 App. Div. 496; *Waddell* v. *N. Y. C. R. R. Co.*, 90 N. Y. Supp. 242; *Cunningham* v. *N. Y. C. R. R. Co.*, 126 N. Y. Supp. 829; *Fiddler* v. *N. Y. C. & H. R. R. R. Co.*, 64 App. Div. 95; *Daniels* v. *Staten Island R. T. Co.*, 125 N. Y. 407; *McAuliff* v. *N. Y. C. R. R. Co.*, 88 App. Div. 356; 180 N. Y. 537.)

*Thomas Woods* for respondent. The plaintiff was not guilty of contributory negligence and the motion for a nonsuit was properly denied. (*Branch* v. *N. Y. C. & H. R. R. R. Co.*, 39 App. Div. 435; *Ernst* v. *Hudson River R. R. Co.*, 35 N. Y. 9; *Renwick* v. *N. Y. C. R. R. Co.*, 36 N. Y. 132; *Gorton* v. *Erie Railway Co.*, 45 N. Y. 64; *Frederick* v. *F., J. & G. R. R. Co.*, 52 App. Div. 603; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; 7 Hun, 559; *Moore* v. *N. Y. C. R. R. Co.*, 2 Misc. Rep. 23; 142 N. Y. 652; *Glushing* v. *Sharp*, 96 N. Y. 677; *Thompson* v. *N. Y. C. R. R. Co.*, 110 N. Y. 636; *Oldenburg* v. *N. Y. C. R. R. Co.*, 124 N. Y. 413.) The plaintiff was not guilty of contributory negligence in failing to stop before attempting to cross defendant's track. (*Sandresky* v. *Erie R. R. Co.*, 91 Misc. Rep. 67; 171 App. Div. 975; *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 47 N. Y. 400; *Neudoeffer* v. *Brooklyn Heights R. R. Co.*, 9 App. Div. 66; *Judson* v. *Central Vermont R. R. Co.*, 158 N. Y. 598; *Lewis* v. *L. I. R. R. Co.*, 162 N. Y. 52; *Brooks* v. *Erie R. R. Co.*, 177 App. Div. 290; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 72.)

McLAUGHLIN, J. On June 14, 1914, the plaintiff, about eleven o'clock in the evening, was riding a motorcycle on Oneida street in the city of Fulton, N. Y. Oneida street, which runs easterly and westerly, crosses, at right angles, Second street, which runs northerly and southerly. The defendant's railroad tracks are laid substantially in the center of Second street. As plaintiff was crossing Second street at its intersection with Oneida street, he was struck by a locomotive attached to a

freight train going in a northerly direction, and received serious injuries.  He brought this action to recover the damages sustained, upon the ground that the same were due to the negligence of the defendant in its operation of the train.  The jury, pending a motion for a nonsuit, rendered a special verdict, in accordance with which the court directed judgment for the plaintiff, which was affirmed by the Appellate Division, fourth department, two of the justices dissenting and voting to dismiss the complaint on the ground that plaintiff was guilty of contributory negligence as matter of law.  Defendant appeals to this court.

The plaintiff, at and immediately prior to his injury, was going easterly on Oneida street and the collision occurred about the center of Second street, throwing the motorcycle to the east and plaintiff to the west. Westerly of Second street a building on the southerly side of Oneida street extends within thirty feet of the west rail of defendant's track, while on the northerly side of the street a building extends somewhat nearer the west rail, and at the end and adjacent to the building is a flagman's shanty which extends within about twelve feet of such rail.  That portion of Oneida street lying west of the west rail is forty-two feet wide between curbs, with a sidewalk on the northerly side fifteen  to sixteen feet wide and on the  southerly side eleven to twelve feet wide.  Plaintiff, if riding in the center of Oneida street — when he reached a point seventy-five feet west of defendant's west rail — could  see  southerly on Second street a distance of  at  least  thirty feet and  as he approached Second street, his view southerly in such street increased so that at forty-five feet he could see upwards of one hundred feet, and at thirty feet, from eight hundred to a thousand feet.  On account of the building and the flagman's shanty on the northerly side of Oneida street he could not see very much of the track lying to the north of the point where the streets intersect, until he had

reached a point about twelve feet from the west rail. The train, at the time of the collision, was running at from fifteen to twenty miles an hour and the motorcycle about six miles an hour. Plaintiff testified he had the motor-cycle under control and could stop it, at the speed at which it was running, almost instantly. When he had reached a point forty-five feet west of defendant's track he stated he looked towards the south and listened, but did not see or hear a train; that he did not again look to the south or listen until the train was practically upon him, or at least so close to him that he was unable to stop the motorcycle and prevent the collision. The only explanation given by him as to why he did not again look southerly to ascertain whether a train was approaching before attempting to pass over Second street, was that on account of the obstructions on the northerly side of Oneida street he was looking in that direction to ascertain whether a train was approaching from the north.

The explanation is unsatisfactory because he was as much obligated to look out for approaching trains in one direction as the other, and besides, by reason of the obstructions on the northerly side of Oneida street, he could not see the tracks to the north for any great distance until he was within twelve or fourteen feet of the west rail. He was familiar with the location; had lived in the vicinity for a long time; and had passed over the tracks at this point on very many occasions. He must, therefore, have known if he did not exercise the care required he was liable to be struck by a passing train. Having this knowledge, it was his duty to again look southerly, which he could have done in the merest fraction of a second, simply by turning his head or eyes.

Plaintiff's witness Smith, who was also riding a motor-cycle easterly on Oneida street, and directly behind the plaintiff, testified that when he was sixty-five to seventy feet from defendant's track he heard the train approach-ing and called to plaintiff that there was a train coming.

He also testified he saw the train as it came into Oneida street. If the witness Smith could hear the train approaching, when sixty-five or seventy feet from the track, and see it when it reached the point where the two streets intersect, no possible reason is suggested why plaintiff could not also have heard and seen it and avoided the collision. If he did not hear it, it was because he did not listen; if he did not see it, it was because he did not look. The truth is, he drove the motorcycle directly in front of defendant's engine, and the collision occurred, which might easily have been avoided.

Giving the plaintiff the most favorable inferences to be drawn from the evidence, it shows that his injuries were caused by his own carelessness in not exercising the care which the law required him to exercise for his own safety.

In reaching this conclusion I have not overlooked the authorities cited by the respondent. They are not in point or are easily distinguishable from the present case. In the most recent (*Elias* v. *Lehigh Valley R. R. Co.*, 226 N. Y. 154) the defendant had for years stationed a flagman at the crossing. This the plaintiff knew. He had seen him discharging his duties on the very day the accident occurred. At the time of the accident the flagman failed to give any indication of the approaching train. He was either absent from his place of duty, or else failed to discharge it, and this was a proper subject for the consideration of the jury as bearing upon the question as to whether the care exercised by the plaintiff was adequate.

In the present case there was no flagman on duty at the time. This fact was well known to the plaintiff, not only by reason of his familiarity with the locality, but by reason of signs indicating the hours when a flagman would be there.

The case in principle cannot be distinguished from *Bowden* v. *Lehigh Valley R. R. Co.* (226 N. Y. 648).

The judgments appealed from, therefore, should be reversed and the complaint dismissed, with costs in all courts. This conclusion renders it unnecessary to pass upon the questions of practice sought to be raised by the appeal from certain orders.

COLLIN, CUDDEBACK and ANDREWS, JJ., concur; CHASE and CRANE, JJ., dissent; HOGAN, J., not voting.

Judgments reversed, etc.