ANNA BARRY, as Administratrix, etc., of WILLIAM J. BARRY, Deceased, Appellant, *v.* THE RUTLAND RAILROAD COMPANY, Respondent.

Third Department, November 15, 1922.

Railroads — action to recover for death of plaintiff's intestate at crossing — deceased guilty of contributory negligence as matter of law when view of track for distance of one-fourth mile was unimpeded at point near track.

In an action to recover for the death of the plaintiff's intestate who was killed by a train of the defendant at a grade crossing, it must be held, as a matter of law, that the deceased was guilty of contributory negligence, as it appears that he approached the crossing at about eight-thirty in the morning riding in an open wagon drawn by one horse; that the horse was moving slowly, either walking or jogging along, just before the deceased was struck; that while there was a growth of bushes along the defendant's fence about forty-four feet from the crossing, the view of the deceased in the direction from which the train approached was unobstructed for more than twenty feet before his horse reached the first railroad track, and that the train was moving at the rate of forty to forty-five miles an hour.

KILEY and HASBROUCK, JJ., dissent, with opinion.

APPEAL by the plaintiff, Anna Barry, from an order of the Supreme Court, made at the Clinton Trial Term and entered in the office of the clerk of the county of Clinton on the 6th day of May, 1922, setting aside the verdict of a jury for $5,000, and dismissing the complaint, and also from the judgment entered in said clerk's office on the same day pursuant to said order.

*Judge & Collins* [*John E. Judge* of counsel], for the appellant.

*John M. Cantwell* [*E. W. Lawrence* of counsel], for the respondent.

VAN KIRK, J.:

At the end of the plaintiff's case the defendant moved for a nonsuit and at the end of all the evidence defendant moved for a dismissal of the complaint. The court reserved the motions and submitted the case to the jury, which rendered a verdict for the plaintiff in the sum of $5,000. The court thereafter set aside the verdict and made an order dismissing the complaint on the ground that the deceased was chargeable with contributory negligence as a matter of law.

The deceased was on a trip to the milk station, riding in an open wagon, drawn by one horse, about eight-thirty in the morning of July 8, 1921. As he was crossing defendant's tracks, defendant's engine struck about at the front wheel of the wagon. The horse was thrown upon one side of the track; the deceased and the

wagon were thrown upon the other. The highway upon which the deceased had been traveling runs easterly and westerly, parallel with the railroad track, and generally about four rods therefrom for upwards of a quarter of a mile. This road crosses a north and south road, which crosses the defendant's track at grade. The deceased turned to his right northerly to make this crossing. The right-of-way fence of the defendant is the boundary fence of the highway and continues northerly along the north and south road to the cattle guard upon its track. At the fence corner there was a growth of bushes which extended along the highway easterly and westerly about twenty-seven feet and was in width north and south from six to ten feet, the bushes being on both sides of the fence, perhaps a little larger extent upon the railroad right-of-way than in the highway. As the deceased turned the corner he passed by and around these bushes. The highest bush was about fourteen feet. As the deceased turned into the north and south road, he was a short distance ahead of plaintiff's witness Kett, who was approaching the crossing on that road. Kett testifies that, about the time deceased turned, he saw him look toward the east, whence the train was coming. The fence corner at the crossing of the two highways is forty-four feet from the center of the defendant's track. In the most favorable view of the evidence, the bushes did not cover more than ten feet of this distance. As soon as the deceased passed the bushes, he had a clear view toward the east of more than one-quarter of a mile. The defendant's tracks were in a shallow cut, but there was no obstruction to a view from this highway of the bodies of the engine and cars. The deceased was sitting in the front seat of the wagon and for a distance of more than twenty feet after he passed the bushes and before his horse had reached the first railroad track, the train was within his plain sight. The horse was moving slowly, either walking or jogging along, just before he was struck and, when his horse was going upon the track, he was seen to pull up short with his reins and was instantly struck. The train was going forty to forty-five miles an hour. As the deceased turned the corner he saluted Kett with a wave of his hand, looking back toward him.

The above is the most favorable statement of the plaintiff's case which the evidence justifies. The deceased had plenty of time to look and stop his horse in time to avoid the accident. The train was traveling from the east to the west. From this crossing easterly the track was straight and level for one-quarter of a mile. Going at forty-five miles per hour, the train requires twenty seconds to pass this distance, during all of which time it was in plain sight of one on this road approaching the crossing. The horse, if going

but two miles per hour, was traveling three feet per second, so that it required thirteen seconds to pass from the highway corner to the crossing. This train was in plain sight of the deceased at all times after he turned this corner and passed the bushes and in fact for some seconds before. When the deceased was thirty feet from the track, the train was less than seven hundred feet from the crossing. Had he looked at any time after he passed the bushes, he must have seen the train. If plaintiff is fair in her contention that the deceased could not see until he passed the bushes, he was certainly negligent if he did not look after he passed. (*Barnasky v. N. Y., O. & W. R. Co.,* 226 N. Y. 435.) Though in a death case the burden is upon the defendant to establish contributory negligence, the courts are still controlled by the evidence and, where " an unimpeded view of the approaching train was possible for several hundred feet, at a point near to the defendant's tracks, in which case the deceased could have seen the train had he actually looked," contributory negligence on the part of the deceased is conclusively proved. (*Keller v. Erie Railroad Co.,* 183 N. Y. 67, 70.) A highway crossing over a railroad track at grade is a dangerous place and one traveling upon a highway cannot be excused from using ordinary precautions to avoid injury because he has not heard a warning signal, or the noise of the approaching train.

The order and judgment should be affirmed, with costs.

H. T. KELLOGG, Acting P. J., VAN KIRK and HINMAN, JJ., concur; KILEY, J., dissents with an opinion in which HASBROUCK, J., concurs.

KILEY, J. (dissenting):

I have carefully examined this case, in connection with the grounds assigned for dismissal of the plaintiff's complaint. I find myself in disagreement with Mr. Justice VAN KIRK. There is no question but what the defendant's negligence was properly submitted to the jury, and that it was properly decided. On the question of deceased's contributory negligence it must be borne in mind that death ensued, and that the representative of his estate is not held to that strict rule which obtains when there is a survival of the injured party. (See *Harrison v. N. Y. C. & H. R. R. R. Co.,* 195 N. Y. 86, 90.) That decision was rendered in 1909, and to make the rule more equitable, by chapter 228 of the Laws of 1913 section 841-b was added to the Code of Civil Procedure which has been adopted and incorporated in the Civil Practice Act, section 265. The burden of proving contributory negligence is now borne by the defendant. I do not think this defendant so met

this burden of proof as to make it a question of law for the court. If this train was coming through this cut or depression at the rate of forty-five miles an hour it was covering three-fourths of a mile a minute.   Plaintiff's intestate looked when he got by the bushes where he could look, at least the jury must have so found.   He was not called upon to keep looking; that has been repeatedly held.   The evidence shows that the defendant proved a clear view up the track for one-fourth of a mile, and if the plaintiff's intestate looked just before the engine came in sight, and did not see it, it would only be a matter of about ten to fifteen seconds before the engine was upon him.   Whether he should have looked again, or, under the circumstances, should have done anything more than he did do, was a question of fact for the jury, and in this case there is evidence to sustain the verdict.   Again, that the defendant did not give the required warning when approaching the crossing must have been found by the jury.   The absence or presence of warning and its sufficiency is an element to be considered when the contributory negligence of the deceased is the sole ground of objection.   If he had sufficient warning and then drove upon the track a very different slant would have to be given to the evidence on that question.   The question should not be decided as one of law.   It was for the jury.   The decision of the jury is not so against the weight of evidence as to make it a question of law.

I dissent and favor reversal of the judgment dismissing the complaint, and the restoration of the verdict of the jury.

HASBROUCK, J., concurs.

Order and judgment affirmed, with costs.