CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* ABEL.

Opinion delivered November 10, 1930.

*Thomas S. Buzbee* and *George B. Pugh*, for appellant.

*R. F. Sandlin* and *Strait, Caviness & George,* for appellee.

KIRBY, J. Appellant insists for reversal that appellee at the time he was injured was assisting in maintaining the tracks of appellant, and therefore engaged in interstate commerce, and that the law governing the liability of appellant for injuries to him was necessarily the Federal Employers' Liability Act.

It is undisputed that appellee was a member of the tamping gang, his special duty being to keep in repair and operate the engines used for tamping the ties in the maintenance of the track and roadbed. The machine was not operating satisfactorily before the workmen quit for dinner and appellee went down for the purpose of repairing and adjusting it and was so engaged when struck by the train. He said he had already made the proper adjustments for the machine and was at the time cleaning it off with the compressed aid from the hose attached. This work was in the line of his duty and he was necessarily, under the circumstances of this case, engaged in interstate commerce, and the law governing the liability of appellant to him for the injuries inflicted is the Federal Employers' Liability Act. *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.*, 229 U. S. 146, 33 S. Ct. 648; *Seaboard Air Line Ry.* v. *Kenney,* 240 U. S. 489, 36 S. Ct. 458.

Appellee was an experienced workman; he knew the location of the machine to be repaired relative to the track and the embankment or side of the cut, that trains were frequently passing over the track, and that the rules required him to rely upon his own watchfulness and keep out of the way, proceeded with his work of making the repairs, leaving the engine running and the air pump working both making a great deal of noise, without looking toward the direction of the approaching train, according to his own statement, which he could have seen for almost a half mile, and stepped back on the track between his machine and the track where the passing train struck and injured him.

The testimony is in conflict as to whether the engineer and fireman on the approaching train were keeping a constant lookout as required by the statute and whether the signals were given notifying of the train's approach before striking him. Since appellee was employed in interstate commerce at the time, the liability of appellant company for his injury is controlled by the Federal Em-

ployers' Liability Act, and the court erred in not so directing the jury in accordance with appellant's requested instruction No. 2, and also in its instruction to the jury allowing the liability to be determined under the State Lookout Statute. *C. & O. Ry. Co.* v. *Nixon,* 271 U. S. 218, 46 S. Ct. 495.

According to the undisputed testimony, appellee's own statement of the occurrence of the injury, he neglected to take proper care for his own safety and assumed the risk incident upon the performance of the work without relying upon his own watchfulness to keep in the clear as the rules of the company required, and they were entitled to expect of their employees.

For the errors designated, the judgment must be reversed, and the cause, appearing to have been fully developed, will be dismissed. It is so ordered.