MORRISEY, Respondent, v. CHICAGO, M. & ST. P. RY. CO., Appellant.

(234 N. W. 18.)

(File No. 5628. Opinion filed December 30, 1930.)

For former opinion, see 55 S. D. 497, 226 N. W. 731.

*Grantham & Hepperle*, of Aberdeen, and *Bailey & Voorhees*, of Sioux Falls, for Appellant.

*Kirby, Kirby & Kirby*, of Sioux Falls, for Respondent.

SHERWOOD, J. ▇ This case is before us on rehearing. The original opinion is reported in 55 S. D. 497; 226 N. W. 731, where a more extended statement of facts may be found. It was appellant's main contention on rehearing that under the undisputed testimony and admitted facts the plaintiff was guilty of negligence as a matter of law, and that this case is ruled by the decision of this court in Buboltz v. C., M. & St. P. Ry. Co., 47 S. D. 512, 199 N. W. 782-784. Upon mature deliberation, we think appellant is right.

▇ During the last 25 feet traveled by respondent before the accident occurred, there was nothing to obstruct his view of the track to the northwest for a distance of more than 300 feet beyond the west sidewalk, and he was driving 60 feet east of that walk. Had respondent looked up while driving that distance, he could

hardly have failed to see the train approaching him, because it was there in plain sight. Respondent saw the buildings, the picket fence, the tree, the box cars, and the flag station on the west side of the street as he approached the crossing. He knew he was approaching a dangerous crossing, and that these obstructions he saw obstructed his view of the track to the northwest. He also knew his view of the track to the southeast was obstructed by a building which came nearly down to the track. 'Under these circumstances it was his duty to drive his car at a rate of speed such that he could look both ways and listen "while looking and listening would be effective." If he drove at a speed which prevented him from doing so he was guilty of negligence. If he failed to look at a time when he could stop his car before reaching the track, he was equally negligent and cannot recover. Buboltz v. C., M. St. P. Ry. Co., 47 S. D. 512, 199 N. W. 782.

We express no opinion upon the effect of city traffic, traffic rules, or city ordinances upon a case of this kind. No city ordinance or traffic rules were offered in evidence, and, so far as the record in this case shows, there was no other automobile on Reed street at the time of this accident and no watchman at the flag station.

The motion of defendant for a directed verdict, made at the close of all the testimony, should have been granted. The judgment and order denying a new trial are reversed, and the case is remanded, with directions to enter judgment in accordance with this opinion.

BROWN, P. J., and POLLEY and CAMPBELL, JJ., concur.
BURCH, J., concurs in result.