HEBERER, Respondent, v. C. M. ST. P. & P. RY. CO., Appellant.

(238 N. W. 339.)

(File No. 7208. Opinion filed October 19, 1931.)

*Hepperle & Fuller,* of Aberdeen, for Appellant.

*D. H. Rehfeld* and *Fletcher & Fletcher,* all of Aberdeen, for Respondent.

WARREN, J. Plaintiff's threshing grain separator machine was struck by one of defendant's passenger trains while the plaintiff's agent was crossing defendant's main or coast line on the public highway crossing at a point about a half of a mile west of James, S. D. The amount sued for was $1,000. The plaintiff's agent testified in behalf of the plaintiff, and, in fact, his evidence is the only evidence offered by either party. The main line of defendant's railroad tracks runs east and west. The plaintiff's agent was traveling and pulling the tractor and separator from the north to the south. It was early in the morning, a clear, bright day. The driver's view, from a point 1,980 feet north from the crossing to the crossing itself, was entirely unobstructed both east and west. The driver had lived within a mile of the crossing for some thirty odd years, and was well familiar with all the surroundings and the time of arrival of trains. He testified that, when he reached defendant's railroad tracks, he stopped within three rods of it, idled his engine, walked around to the front in order to get a better view, and also to listen for on-coming and approaching trains. Seeing no approaching trains, he walked back, putting his tractor in motion, and drove the entire three rods or fifty feet and started to cross the tracks, but did not look any further. His only observation is limited to the time that he was in front of the engine. From the time he got through looking when in front of the engine, during the time that he walked back, got onto the engine, putting it in motion, driving upon the crossing, he did not look. His testimony is positive in that. Had respondent's agent looked up while driving that distance, he could hardly have failed to see the train approaching him, because it was there in plain sight; he testified that he first saw the train 65 rods east of the crossing, and at that time the grain separator was upon the defendant's tracks. As to what happened after he saw the train, the record discloses the

following: "That train was coming straight toward me. I couldn't say for certain that an object coming straight towards me like this locomotive didn't slow down some rods from the crossing and when I say that the train came to a stop over the crossing I cannot know and do not know when these brakes were applied. I was unable to tell, other than guess, as to when the brakes might have been applied. Being in the position I was in, I have no idea how fast that train was coming."

From the evidence it would appear that the surrounding country was open, unobstructed, and flat. The driver's view was open for miles in both directions. On a clear day as the day in question he could see Groton, seven miles away. From the exhibits, it would appear that the town of James, a half mile away, was clear and distinct. In fact, the plaintiff's agent testified that he could see the town of Groton in the distance. "I could see the town of Groton in the distance." Groton was east of the crossing and from which direction the train was coming.

At the close of the plaintiff's testimony, the defendant moved for a directed verdict upon the grounds that there was no evidence of actionable negligence on the part of the defendant, and that plaintiff's driver was guilty of contributory negligence, precluding recovery as a matter of law. This motion was denied, and defendant offered no evidence. The jury returned a verdict in favor of the plaintiff.

In the complaint, the defendant was charged specifically with an allegation of negligence in operating its train at a very high and dangerous rate of speed. The defendant answered by way of a general denial, and specifically pleaded plaintiff's contributory negligence on the part of plaintiff's driver; that is, that the plaintiff's damage was occasioned and contributed to by the carelessness and negligence of the plaintiff's driver. It would appear from the evidence that the plaintiff's driver failed to look and listen where looking and listening would be effective. This court has committed itself as to the duty that a plaintiff must exercise upon crossing a railroad in recent cases. Buboltz v. C., M. & St. P. Ry. Co., 47 S. D. 512, 199 N. W. 782; Morrissey v. C., M. & St. P. Ry. Co., 57 S. D. 495, 234 N. W. 18.

The Supreme Court of North Dakota in State v. Great North-

ern Ry. Co., 54 N. D. 400, 209 N. W. 853, 858, treated an almost identical crossing case as follows: "The day was clear and his vision unobstructed, except by the truck top, during the whole time he was driving toward the track for at least 600 feet, and he could readily have seen the approaching train anywhere on the track for approximately a third of a mile before it reached the crossing. * * * We are of the opinion that, under the evidence in the instant case, there is no reasonable basis for any holding that the driver was exercising reasonable care and caution for his own safety at the time of the accident in question. We have examined many authorities, and in no jurisdiction where contributory negligence defeats recovery do we find a case where a recovery has been supported under facts comparable to those in the instant case."

In many respects this case is on all fours with Barnasky v. N. Y., O & W. R. Co., 226 N. Y. 435, 123 N. E. 745, 746, in which the court said: "He was familiar with the location; had lived in the vicinity for a long time; and had passed over the tracks at this · point on very many occasions. He must, therefore, have known if he did not exercise the care required he was liable to be struck by a passing train. Having this knowledge, it was his duty to again look southerly which he could have done in the merest fractionof a second, simply by turning his head or eyes."

As we view this case, there is no evidence to sustain a recovery under "the doctrine of last clear chance." The plaintiff failed to plead what is often in law referred to as the "doctrine of last clear chance"; neither was there any attempt by the plaintiff to amend his pleadings during the trial nor at the close of the trial to conform to the evidence, hence it is quite clear that the "doctrine of last clear chance" must be eliminated from this case.

But, independent of his failure to plead, we feel that the evidence does not support the plaintiff's contention. The Supreme Court of North Dakota in State v. Great Northern Ry. Co., supra, has compiled what we consider the clear-cut authorities covering the last clear chance doctrine, and must be applied to this case: "The authorities sustain the view that one is not in a position of peril, within the last clear chance doctrine, when he occupies a place where, by the exercise of reasonable care for his own safety,

all danger may be avoided. See Green v. Los Angeles Terminal R. Co., 143 Cal. 31, 76 P. 719, 101 Am. St. Rep. 68; Wallis et al. v. So. Pac. R. Co., 184 Cal. 662, 195 P. 408, 15 A. L. R. 117; Gumm v. Kansas City Belt Ry. Co., 141 Mo. App. 306, 125 S. W. 796; Laughlin v. St. Louis & S. F. R. Co., 144 Mo. App. 185, 129 S. W. 1006; Va. & S. W. Ry. Co. v. Skinner, 119 Va. 843, 89 S. E. 887; Butler v. Rockland T. & C. St. Ry. Co., 99 Me. 149, 58 A. 775, 105 Am. St. Rep. 267; Plinkiewisch v. Portland Ry., L. & P. Co., 58 Or. 499, 115 P. 151. In such a case the chain of causation extending from the original- negligence is broken by the independent subsequent negligent act of the plaintiff, and the original negligence is not the proximate cause of the injury. It cannot be contended in this case that the defendant was negligent after the driver's negligence had exposed him to peril. It was then too late to avoid the collision. See Virginia & S. W. R. Co. v. Skinner, supra."

See, also, DeNoma v. Sioux Falls Traction System, 39 S. D. 10, 162 N. W. 746, and Miller v. Sioux Falls Traction System, 44 S. D. 405, 184 N. W. 233.

The trial court erred in its instructions to the jury upon the subject of last clear chance.

The judgment and order appealed from are reversed, with directions to the circuit court to enter a judgment of dismissal.

POLLEY, P. J., and CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur.